**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

RICHARD J. PELTZ, JR.,                  )
                                        )
        Plaintiff,                      )      Civil Action No. 21-0005
                                        )      Magistrate Judge Maureen P. Kelly
        v.                              )
                                        )      Re: ECF No. 13
STATE FARM MUTUAL AUTOMOBILE            )
INSURANCE COMPANY,                      )
                                        )
        Defendant.                      )

## OPINION

Plaintiff Richard J. Peltz, Jr. ("Peltz") brings this breach of contract and insurance bad faith action against Defendant State Farm Mutual Automobile Company ("State Farm"). Peltz asserts that State Farm wrongfully denied coverage for the theft of a 2017 Bentley Continental (the "Bentley") that occurred in the course of a multi-state fraudulent lease consignment scheme. ECF No. 1-1.

Pending before the Court is a Motion to Dismiss filed on behalf of State Farm. ECF No 13. State Farm contends that: (1) the lease transferee is a necessary party to this action and thus Peltz's failure to join it as a party requires dismissal pursuant to Federal Rule of Civil Procedure 12(b)(7); (2) Peltz's breach of contract claim is time-barred by a policy suit limitation provision; and (3) coverage was properly denied because the policy explicitly excludes theft by a consignee and, therefore, Peltz fails to plead plausible breach of contract and bad faith claims. Alternatively, State Farm seeks an order striking an allegation from the Complaint that it owed a fiduciary obligation to Peltz and violated that obligation by denying coverage for his stolen vehicle.

1

For following reasons, the Motion to Dismiss will be granted in part and denied in part, and the alternative Motion to Strike will be granted.[1]

## I.     FACTUAL AND PROCEDURAL BACKGROUND

Peltz leased the Bentley for his personal use and obtained insurance to cover the vehicle from loss from State Farm pursuant to a policy for the period June 1, 2018 to December 1, 2018, as amended September 14, 2018. ECF No. 1-1 at 10, 12. The policy provides coverage for theft, but excludes coverage for theft by a consignee, an agent of a consignee, or a person who obtains possession of a covered vehicle with the permission of a consignee. ECF No. 1-1 at 45, 49-50.

On September 12, 2018, Peltz entered into a Lease Consignment Agreement with Haven Transfer ("Haven"), based on his belief that Haven was a valid company with a principal place of business in California.  Id. ¶ 6; see also, ECF No. 14-1. Haven's agent picked up the Bentley from Peltz's home on September 13, 2018.  Id. ¶ 9.  That same day, believing the transfer was complete, Peltz contacted his State Farm agent to cancel coverage on the subject vehicle. The cancellation was effective on September 14, 2018.  Id. ¶ 10.

In early 2019, Peltz received notice of highway toll violations in Florida and, upon investigation, discovered that the vehicle was stolen. Id.  ¶¶ 11-12. Peltz later learned that Haven was a fraudulent company and that the lease consignment contract with Haven was part of a scheme to steal the Bentley.  Id. ¶ 7.  Haven's owner, Geoffrey Hull, has since been indicted in the United States District Court for the Central District of California for crimes related to an interstate scheme to defraud victims out of high-end or exotic vehicles using several fraudulent companies

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case. ECF No. 6.

and aliases, including Haven. ECF No. 1-1 ¶ 8; ECF No. 16-1; <u>United States v. Hull</u>, No. 2:20-cr-00264, Indictment, ECF No. 4 at 6 (C.D. Cal. June 30, 2020).

On or about March 6, 2019, Peltz submitted a claim to State Farm reporting that the vehicle had been stolen on September 13, 2018 through a fraudulent transaction. ECF No. 1-1 ¶ 13; ECF No. 17-2. Peltz states that he received three letters denying coverage. He claims that State Farm first denied coverage on August 7, 2019, stating that the loss occurred on September 14, 2018, after the policy had been cancelled. ECF No. 1-1 ¶ 14. State Farm issued a second denial dated August 8, 2019 and reiterated its position that the loss occurred on September 14, 2018, when the policy was no longer in effect. <u>Id.</u> ¶ 16. One year later, on August 13, 2020, State Farm issued its third denial letter stating, "If it is determined that Haven did in fact steal the vehicle, we are unable to provide coverage as theft by a consignee is specifically excluded under Mr. Peltz's State Farm Pennsylvania Auto Policy Form 9838A." <u>Id.</u> ¶ 18.

State Farm has submitted two letters to the Court as part of the pending Motion to Dismiss. The first letter, dated July 24, 2019, reflects that State Farm raised both late notice for loss and the policy exclusion for theft by a consignee as potential bars to coverage and thus reserved its rights to deny coverage. ECF No. 17-2. State Farm followed up with a denial letter on August 8, 2019, based on its determination that the loss occurred on September 14, 2018, after the policy terminated. ECF No. 17-1.

Peltz alleges that contrary to State Farm's position, the loss occurred on September 13, 2018, when Haven took possession of the vehicle with the intent to steal it. ECF No. 1-1 ¶ 15. Peltz also challenges State Farm's characterization of Haven as a consignee, and alleges that it is a "sham company," and thus the "agreement signed by Plaintiff on September 12, 2018 was not a legally binding contract.  Rather, it was a fraudulent transaction from the outset." <u>Id.</u> ¶ 19.

On September 11, 2020, Peltz commenced this action in the Court of Common Pleas of Allegheny County with the filing of a Praecipe for Writ of Summons. ECF No. 1-10. State Farm served a Rule to File Complaint on October 6, 2020, ECF No. 1-6, and Peltz filed his Complaint on December 9, 2020. ECF No. 1-1.

In the Complaint, Peltz alleges that he is a resident of Pennsylvania and that State Farm is a corporation with its principal place of business in Illinois. ECF No. 1-1 ¶¶ 1-2. State Farm removed the action to this Court under 28 U.S.C. § 1441, citing the diversity of the parties and a qualifying amount in controversy in accordance with 28 U.S.C. § 1331. ECF No. 1. The parties have since stipulated to strike Peltz's claims for attorneys' fees and punitive damages for his breach of contract claim, and State Farm filed the pending Motion to Dismiss and brief in support. ECF Nos. 9, 13, and 14. Peltz filed a Brief in Opposition to the Motion to Dismiss, ECF No. 16, and State Farm filed a Reply Brief, ECF No. 17. The Motion to Dismiss is now ripe for consideration.

## II.    STANDARD OF REVIEW

A complaint may be dismissed under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." "[D]etailed pleading is not generally required." Connelly v. Lane Const. Corp., 809 F.3d 780, 786 (3d Cir. 2016). Rather, the rules require "'only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (internal quotations omitted). Thus, to survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face" by providing facts which "permit the court to infer more than the mere possibility of misconduct." Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009).

In assessing the sufficiency of a complaint, the Court must accept as true all material allegations in the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. Odd v. Malone, 538 F.3d 202, 205 (3d Cir. 2008). The Court, however, need not accept bald assertions or inferences drawn by the plaintiff if they are unsupported by the facts set forth in the complaint. See Cal. Pub. Employees' Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the Court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Thus, the United States Supreme Court has held that a complaint is properly dismissed under Fed. R. Civ. P. 12(b)(6) where the factual content does not allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678; see also Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (finding that, under Twombly, "labels and conclusions, and a formulaic recitation of the elements of a cause of action" do not suffice. The complaint therefore "must allege facts suggestive of [the proscribed] conduct" and that are sufficient "to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s] of his claim."). Id. at 233, 234.

Finally, as relevant here, the Court has reviewed the criminal proceedings pending against Geoffrey Hull in the United States District Court for the Central District of California, correspondence to Peltz from State Farm denying coverage, and the insurance policy attached to the Complaint. Generally, when considering a motion under Rule 12(b)(6), the Court may not consider matters outside of the complaint. "If, on a motion under Rule 12(b)(6) ..., matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).

An exception applies to: (i) exhibits attached to the complaint; (ii) matters of public record; and, (iii) any undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the document is integral to or explicitly relied on in the complaint. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). Because the Hull federal criminal proceedings are a matter of public record, review of the indictment and related criminal complaint is not precluded at the Rule 12(b)(6) stage. The insurance policy and State Farm's letters denying coverage are integral to Peltz's claims and therefore the Court's review of these documents is permissible.

State Farm also moves to dismiss this action pursuant to Rule 12(b)(7) of the Federal Rules of Civil Procedure for failure to join a necessary party. Like a motion to dismiss pursuant to Rule 12(b)(6), a court reviewing a Rule 12(b)(7) motion must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. Pittsburgh Logistics Sys., Inc. v. C.R. England, Inc., 669 F. Supp. 2d 613, 618 (W.D. Pa. 2009). The inquiry for a non-party often involves consideration of the factual circumstances asserted by the moving party. Thus, a court resolving a Rule 12(b)(7) motion may consider evidence outside the pleadings. Id. (citing Jurimex Kommerz Transit G.M.B.H. v. Case Corp., 201 F.R.D. 337, 339–40 (D. Del. 2001)).

## III.   DISCUSSION

### A.  Failure to Join a Necessary Party

Rule 12(b)(7) provides that a complaint should be dismissed for "failure to join a party under Rule 19." Fed. R. Civ. P. 12(b)(7).[2]  State Farm, as the moving party, bears the burden to

---

[2] Rule 19(a) specifies the circumstances in which the joinder of a particular party is required:

show that Haven is a required party as defined by Rule 19(a). <u>Pittsburgh Logistics Sys.</u>, 669 F.

Supp. 2d at 618. In this instance, State Farm fails to meet that burden.

 To be necessary under Rule 19(a), "the court must determine if the prevailing party would

receive 'hollow' relief if the party at issue were absent in the litigation." <u>Alulis v. Container Store,</u>

<u>Inc.</u>, No. 19-2564, 2020 WL 2556946, at *5 (E.D. Pa. May 20, 2020) (quoting <u>Angst v. Royal</u>

<u>Maccabees Life Ins. Co.</u>, 77 F.3d 701, 705 (3d Cir. 1996)). Further, under Rule 19(a)(1)(B)(i) "the

court must decide whether determination of the rights of those persons named as parties to the

action would impair or impede an absent party's ability to protect its interest in the subject matter

of the litigation." <u>Gen. Refractories Co. v. First State Ins. Co.</u>, 500 F.3d 306, 316 (3d Cir. 2007).

Finally, under Rule 19(a)(1)(B)(ii), a party is necessary "if its absence would leave another party

'subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by

reason of the claimed interest.'" <u>Alulis</u>, 2020 WL 2556946, at *5 (quoting Fed. R. Civ. P.

19(a)(1)(B)(ii), and citing <u>Sindia Expedition, Inc. v. Wrecked & Abandoned Vessel, Known as</u>

<u>The Sindia</u>, 895 F.2d 116, 122 (3d Cir. 1990)).

 None of the identified interests require Haven's presence as a party. First, complete relief

may be afforded to the parties in Haven's absence. This action seeks to resolve whether State Farm

---

(1)  Required Party. A person who is subject to service of process and whose joinder
will not deprive the court of subject matter must be joined as a party if

(A)  in that person's absence, the court cannot accord complete relief among
existing parties; or

(B)  that person claims an interest relating to the subject of the action and is so
situated that the disposing of the action in the person's absence may:

(i)  as a practical matter impair or impede the person's ability to protect the
interest; or

(ii)  leave an existing party subject to a substantial risk of incurring double,
multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. Proc. 19(a)(1).

is obligated to provide Peltz insurance coverage for an allegedly stolen vehicle. Evidence of the vehicle's status and the validity of the Lease Consignment Agreement may be considered in Haven's absence without impairing either State Farm or Peltz's obligations and rights under the policy. As observed by the United States Court of Appeals for the Third Circuit:

> The Advisory Committee Notes to Rule 19 state that subdivision (a)(1) was enacted to avoid partial or hollow relief. Professor Moore has explained that 'complete relief':
>
>> ... 'refers to relief as between the persons already parties, and not as between a party and the absent person whose joinder is sought. Mere theoretical considerations of disposing of the whole controversy do not warrant compulsory joinder when it appears unlikely that the absent persons could be affected. Nor is joinder necessary where, although certain forms of relief are unavailable due to a party's absence, meaningful relief can still be provided.'

Sindia Expedition, 895 F.2d at 121 (quoting 3A MOORE'S FEDERAL PRACTICE ¶ 19.07–1[1], at 93–98 (2d ed. 1989)). State Farm does not contend that Haven is an insured under the policy, and it offers no other explanation as to why relief cannot be afforded absent the accused thief. Thus, Haven's participation is not required by Rule 19(a)(1)(A).

Second, State Farm posits that a finding here voiding the Lease Consignment Agreement *ab initio* for fraud may impair Haven's legal rights and lead to a "gross miscarriage of justice" for Haven. ECF No. 17 at 1. Under the facts presented, the Court is not persuaded that Haven's property interest in the Lease Consignment Agreement, if any, would be impaired by this action. State Farm's speculation that Haven, through Geoffrey Hull, may claim it was in lawful possession of the Bentley as of September 13, 2018 in the pending criminal proceeding or some theoretical future litigation does not preclude a complete determination of State Farm or Peltz rights under the policy.

> The Third Circuit has explained that just because the outcome of a case may act as "persuasive precedent" against an absent party, the Court was "not inclined to hold

that any potential effect the doctrine [of stare decisis] may have on an absent party's rights makes the absent party's joinder compulsory under Rule 19." <u>Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.</u>, 11 F.3d 399, 407 (3d Cir. 1993). Under Rule 19(a)(1)(B)(ii), "the court is not to be concerned about whether an absent party would be subject to the risk of multiple or inconsistent obligations, but rather 'an existing party.'" <u>Pittsburgh Logistics Sys., Inc. v. C.R. England, Inc.</u>, 669 F. Supp. 2d 613, 620 (W.D. Pa. 2009) (emphasis in original) (quoting <u>Am. Home Mortgage Corp. v. First Am. Title Ins. Co.</u>, No. 07–1257, 2007 WL 3349320, *6–7, 2007 U.S. Dist. LEXIS 83337, *23 (D.N.J. Nov. 9, 2007)).

<u>Jones v. Bethel Park Sch. Dist.</u>, No. CV 19-708, 2019 WL 7372049, at *3 (W.D. Pa. Dec. 31, 2019). Peltz bears the burden to prove that the vehicle was stolen, and that coverage is owed. A finding of theft here would not prevent Haven from seeking to establish in a separate criminal proceeding that its possession is lawful. Thus, joinder is not required based on State Farm's speculation as to Haven's assertion of legal rights to the vehicle.

State Farm also has not established that it is at risk of multiple or inconsistent obligations. Haven is not an insured, and coverage for Peltz's claim turns on a finding that the Bentley was stolen and that the theft occurred during the policy period. These issues do not raise the risk of inconsistent obligations for any party to the policy. Accordingly, State Farm has not established that Haven is a necessary party under Rule 19, and the Motion to Dismiss pursuant to Rule 12(b)(7) is denied.

**B.  Limitations Bar – Breach of Contract**

State Farm contends that dismissal is appropriate because it is apparent from the Complaint and the attached policy that Peltz failed to commence this action within the time allowed by the policy whether calculated from September 13, 2018, September 14, 2018, or even March 6, 2019 (the day Peltz reported the loss to State Farm). ECF No. 14 at 9.

A limitations defense may be raised in a 12(b)(6) motion to dismiss, "but only if 'the time alleged in the statement of a claim shows that the cause of action has not been brought within the

statute of limitations.' 'If the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6).'" Weiss v. Bank of Am. Corp., 153 F. Supp. 3d 831, 837–38 (W.D. Pa. 2015) (citing Robinson v. Johnson, 313 F.3d 128 (3d Cir. 2002) and quoting Bethel v. Jendoco Constr. Corp., 570 F.2d 1168, 1174 (3d Cir. 1978); Hanna v. U.S. Veterans' Admin. Hosp., 514 F.2d 1092, 1094 (3d Cir. 1975)). Further, "a complaint need not anticipate or overcome affirmative defenses; thus, a complaint does not fail to state a claim simply because it omits facts that would defeat a statute of limitations defense." Schmidt v. Skolas, 770 F.3d 241, 248 (3d Cir. 2014); see also Fed. R. Civ. P. 8.

State Farm's policy provides that "legal action may only be brought against [State Farm] regarding … Physical Damage Coverages if the legal action relating to these coverages is brought against [State Farm] within one year immediately following the date of the accident or loss." ECF No. 1-1 at 58-59. State Farm argues that the limitation is valid under Pennsylvania law and that Peltz's failure to commence litigation within one year of loss bars his breach of contract claim as a matter of law. ECF No. 14 at 7-9.

In Pennsylvania, breach of contract claims are subject to a four-year statute of limitations. 42 Pa. C.S. § 5525(a). However, "[b]y statute, Pennsylvania law provides that contractual limitations of suit provisions, which are shorter than the applicable statute of limitations, are valid provided they are not manifestly unreasonable." Pager v. Metropolitan Edison, No. 3:17-cv-00934, 2019 WL 4736227, at 6 (M.D. Pa. Sept. 27, 2019); see also Schreiber v. Pennsylvania Lumberman's Mut. Ins. Co., 444 A.2d 647 (Pa. 1982) ("The law has also recognized that parties have a right in their contractual dealings to further limit the time during which resort to the courts may be had to resolve a dispute that arises from their contractual relationship.").

Peltz concedes that he commenced this litigation on September 11, 2020, with the filing of the Praecipe for Writ of Summons and he does not challenge the validity of State Farm's suit limitation clause. He argues, however, that State Farm led him to believe that the time to sue bar would not be invoked and that this conduct gives rise to the equitable remedy of estoppel under Pennsylvania law. ECF No. 16 at 7-9 (citing Prime Medica Assoc. v. Valley Forge Ins. Co., 970 A.2d 1149 (Pa. Super. 2009)). Peltz points to State Farm's correspondence where it failed to raise the time to sue limitation as a prerequisite to suit or as a potential defense and yet simultaneously invited Peltz to submit more information for consideration. This "lulled [Peltz] into believing that State Farm was continuing to investigate his claim," and estops it from asserting the time to sue provision as a defense to this action.   ECF No. 16 at 8.

Pennsylvania law on estoppel requires much more and despite the early stage of the proceedings, the Court agrees that dismissal of Peltz's breach of contract claims as time barred  is warranted.

Estoppel "prevents one from doing an act differently than the manner in which another was induced by word or deed to expect…. [E]quitable estoppel recognizes that an informal promise implied by one's words, deeds or representations which leads another to rely justifiably thereon to his own injury or detriment may be enforced in equity." Prime Medica, 970 A.2d at 1157 (quoting Kreutzer v. Monterey County Herald Co., 747 A.2d 358, 361 (Pa. 2000)). "Estoppel requires the presence of two elements: (1) inducement to act; and (2) justifiable reliance on that inducement." Leitner v. Allstate Ins. Co., No. 11-7377, 2014 WL 3408385, at *4 (E.D. Pa. July 11, 2014) (citing Kreutzer, 747 A.2d at 362). An insured seeking to avoid a valid contractual time limitation "must set forth a factual basis to demonstrate 'reasonable grounds for believing that the time limit would be extended or that the insurer would not strictly enforce the suit limitation provision.'" Palmisano

v. State Farm Fire and Casualty Co., No. 12-886, 2012 WL 3595276, at * 10 (quoting Prime Medica, 970 A.2d at 1156-57).

State Farm's invitation to submit more information about the alleged theft cannot be construed as an inducement to refrain from filing suit given that State Farm previously denied coverage, and Peltz provides no legal support for such a broad application of estoppel. Instead, the weight of authority supports the proposition that estoppel requires specific conduct related to the provision at issue.

In Leitner, 2014 WL 3408385, at *6, an insurer's statement that an investigation was ongoing for a claim that had been denied was held insufficient to support either inducement or justifiable reliance to excuse an insured's delay of legal action beyond a one-year limitation on suit provision. Similarly, a statement that an investigation was continuing coupled with an insurer's failure to specifically and separately inform an insured of the time to sue limitation was not sufficient to estop an insurer from relying on it:

> The record does not indicate Insurer misled Insured about the possibility of settlement or induced Insured in any manner to refrain from commencing suit. See Lardas, *supra*; Kramer, supra. The mere declaration that Insurer was investigating the claim is insufficient to prove Insured was induced to forbear from commencing suit. See World of Tires, *supra*; Lardas *supra*. Mr. Bosovich's failure to mention the suit limitations provision at his deposition in a related matter is insufficient to provide grounds for estoppel. See Farmers Trust Co., *supra*. Likewise, Insurer's letter to Insured denying coverage specified Insurer's reasons for the decision, in addition to the general terms, exclusions and limitations of the policy. Therefore, Insurer gave no formal or informal promise implied by its words, deeds or representations which led Insured to justifiable reliance or forbearance to its own injury or detriment. See Kreutzer, *supra*. Thus, we conclude Insured's failure to commence suit within the policy limitations period barred its claim against Insurer.

Prime Medica, 970 A.2d at 1158.

Peltz's obligation to start legal proceedings within the policy's one-year time limitation is evident from the Complaint and the attached exhibits. His failure to do so also is evident from the

docket of this matter. The evidence of record, though limited at this stage of the proceedings, sufficiently establishes that State Farm denied coverage for the loss on August 7, 2019, and did not induce Peltz to forego suit or otherwise lull him into believing the time to sue provision would not be enforced. Peltz did not initiate this lawsuit until September 11, 2020 – over one year later. ECF No. 1-10. Without any other factual basis on which the Court may find estoppel, the Motion to Dismiss Peltz's breach of contract claim is properly granted.[3]

### C.  Sufficiency of Allegations of Bad Faith

State Farm also seeks the dismissal of Peltz's statutory claim for bad faith for failure to state a claim. The Pennsylvania bad faith statute provides:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
>
> (1)  Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
>
> (2)  Award punitive damages against the insurer.
>
> (3)  Assess court costs and attorney fees against the insurer.

42 Pa. Stat. and Cons. Stat. Ann. § 8371 (West).

To state a claim for bad faith under Section 8371, an insured must allege facts that plausibly establish: (1) the insurer had no "reasonable basis" for its actions; and (2) that the insurer "knew of or recklessly disregarded" the fact that it lacked a reasonable basis for its conduct. Rancosky v. Wash. Nat'l Ins. Co., 642 Pa. 153, 170 A.3d 364, 365 (2017). "[A]ctions constituting bad faith are not limited solely to a denial of coverage—bad faith may also include a lack of investigation, unnecessary or unfounded investigation, failure to communicate with the insured, or failure to

---

[3] Given the Court's dismissal of Peltz's claim for breach of contract as time-barred, the Court need not resolve State Farm's alternative basis for relief under Rule 12(b)(6) that the Complaint fails to allege facts sufficient to state a claim.

promptly acknowledge or act on claims." <u>Ironshore Specialty Ins. Co. v. Conemaugh Health Sys., Inc.</u>, 423 F. Supp. 3d 139, 154–55 (W.D. Pa. 2019), *reconsideration denied*, No. 3:18-CV-153, 2020 WL 376994 (W.D. Pa. Jan. 23, 2020) (citing <u>Frog, Switch & Mfg. Co. v. Travelers Ins. Co.</u>, 193 F.3d 742, 751 n.9 (3d Cir. 1999)). "Bad faith can also include poor claims-handling, the insurer's failure to act with diligence or respond to the insured, scattershot investigation, and similar conduct." <u>Id.</u> (citing <u>Rancosky</u>, 170 A.3d at 379 (Wecht, J., concurring)).

State Farm contends that possession of the Bentley was transferred in accordance with a Lease Consignment Agreement, for which coverage is excluded. Thus, the denial of coverage was facially reasonable, and a finding of bad faith is precluded as a matter of law. ECF No. 14 at 12-13. Alternatively, State Farm argues that dismissal is warranted because the Complaint sets forth Peltz's bad faith claim in boilerplate language without facts that establish more than negligence. <u>Id.</u>

Peltz responds that State Farm's failure to investigate the circumstances of the theft before denying coverage was manifestly unreasonable. He also asserts that State Farm acted in bad faith when it knowingly set the date of loss on the day coverage lapsed to defeat Peltz's claim that the theft occurred during the policy period. ECF No. 16 at 11-15; ECF 1-1 ¶¶ 14-18, 23-24, 27(c), 27(g).

"Bad faith claims are fact specific and depend on the conduct of the insurer vis à vis the insured." <u>Padilla v. State Farm Mut. Auto. Ins. Co.</u>, 31 F. Supp. 3d 671, 675 (E.D. Pa. 2014) (quoting <u>Condio v. Erie Ins. Exchange</u>, 899 A.2d 1136, 1143 (Pa. Super. 2006)). On the existing record at this early stage of the litigation, Peltz states a plausible claim for coverage and, while he will have to prove his bad faith claim by "clear and convincing evidence," <u>Rancosky</u>, 170 A.3d at 365, the allegations in the Complaint that State Farm failed to investigate his claim and knowingly

14

set the date of loss outside the policy period "may . . . show bad faith." Padilla, 31 F. Supp. 3d at 676 (citing O'Donnell ex rel. Mitro v. Allstate Ins. Co., 734 A.2d 901, 906 (Pa. Super. 1999)). Because Peltz's well-pleaded assertions of unreasonable claims processing and investigation adequately state a plausible bad faith claim under Section 8371, dismissal is not warranted and the Motion to Dismiss Count II of the Complaint is denied. Id.

### D.  Motion to Strike

In the alternative, State Farm seeks an order under Rule 12(f) of the Federal Rules of Civil Procedure striking Peltz's allegation that it acted in bad faith in "violating its fiduciary duty to the Plaintiff." ECF No. 14 at 14; and see, ECF No. 1-1 ¶ 27.h. State Farm contends that a fiduciary obligation arises only in the context of handling claims "against its insured, including the right to make binding settlement." ECF No. 14 at 14 (citing Gedeon v. State Farm Mut. Auto Ins. Co., 188 A.2d 320, 322 (Pa. 1963) and Birth Center v. St. Paul Ins. Cos., Inc., 727 A.2d 1144, 1155 (Pa. Super. 1999), *abrogated on other grounds by* Mishoe v. Erie Ins. Co., 824 A.2d 1153, 1156–57 & n.3 (Pa. 2003)). Because Peltz's claim does not involve a third-party liability claim, State Farm argues no fiduciary duty is owed, and thus the allegation is impertinent and immaterial.  ECF No. 14 at 14.

Peltz has not responded to State Farm's Motion to Strike and thus apparently concedes that the claim should be dismissed.

In Keefe v. Prudential Prop. & Cas. Ins. Co., 203 F.3d 218, 227–28 (3d Cir. 2000), the United States Court of Appeals for the Third Circuit held that an insurer's fiduciary obligations to an insured are limited to claims handling and resolution of third-party claims against an insured. "Under Pennsylvania law, a fiduciary duty higher than the duty of good faith and fair dealing does not arise out of an insurance contract until an insurer asserts a stated right under the policy to

handle all claims asserted against the insured." Id. (citing Gedeon, 188 A.2d at 322). Keefe has been applied to the cancellation of a life insurance policy and to policyholders' uninsured and underinsured motorist claims where, like the present claim, the insurer has not asserted a right to resolve third-party claims against the insured. See Kofsky v. Unum Life Ins. Co. of Am., No. 13-5647, 2014 WL 4375725, at *4 (E.D. Pa. Sept. 2, 2014); Pommells v. State Farm Ins., No. CV 18-5143, 2019 WL 2339992, at *4 (E.D. Pa. June 3, 2019) (collecting cases).

Accordingly, given Peltz's failure to respond to the Motion to Strike, and the weight of precedential authority limiting an insurer's fiduciary obligations to the resolution of third-party claims against an insured, the Motion to Strike is granted.

## IV.    CONCLUSION

For the foregoing reasons, State Farm's Motion to Dismiss is properly granted as to Peltz's breach of contract claim but denied as to his statutory bad faith claim. The Motion to Strike Paragraph 27.h is properly granted. An appropriate Order follows.

*/s/  Maureen P. Kelly*
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

Dated: May 11, 2021

cc:    All counsel of record by Notice of Electronic Filing